## JOSEPH HUNTER *et al.*

*v.*

## DAVID HARTSOOK.

CREDIBILITY OF WITNESS—*a matter for the jury to determine.* The credibility of witnesses is a question for the jury, and where a defendant in a suit swears to the truth of a plea, and afterwards testifies to a state of facts materially different from those contained in his plea, and the jury find contrary to his testimony, and there is evidence to sustain the verdict, it will not be disturbed.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. DOUGLASS & HARVEY, for the appellants.

Messrs. WILLIAMS, McKENZIE & CALKINS, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was assumpsit, in the Knox circuit court, on a promissory note. The pleas were, the general issue, and two special pleas, setting up usury. There was a trial by jury, resulting in a verdict for the plaintiff, on which the court rendered judgment, having denied defendants' motion for a new trial.

Appellants' argument is mainly directed to the evidence. The principal witness for the defense was one of the defendants, Joseph Hunter. The plaintiff was also sworn, on his own behalf. It would seem, from the testimony, that Joseph Hunter was the actual party in the transaction, and the efficient negotiator in effecting the loan of money, for which, principally, the note was given. The contest was as to two and one-half per cent having been added to the principal sum due, and the note given for that, at ten per cent interest, which would be equivalent to twelve and one-half per cent on the true amount due. There was conflicting evidence on this

question.   The testimony of Joseph Hunter, who had sworn, at a previous term of the court, to the truth of a certain plea he had filed in this cause, setting up a very different state of facts from that deposed to by him on this trial, no doubt affected, in no small degree, his credibility with the jury, and deprived his testimony of much of its force.

The credibility of a witness is a matter for the jury, and we are not surprised they should not have been convinced, when comparing the evidence, then before them, of Joseph Hunter, with his plea before sworn to, wherein he affirmed, on his oath, the note sued on was not given for any other or different consideration, and that his plea was true, in substance and in fact, differing so materially, as the facts stated in that plea do, from his testimony to the jury.   It is conceded he may have been, and probably was, honestly mistaken when he swore to the truth of the facts stated in the plea, yet it could not fail of its effect with the jury.

We perceive no grounds, under such circumstances, for the interference of this court.   The evidence, in our judgment, sustains the verdict, and should not be disturbed.

It is objected by appellants, that instructions one and two, given for the plaintiff, were improper, and should not have been given.   We fail to perceive any substantial objection to the instructions.   If the usury was not in the note, but depended on a verbal contract outside of the note, surely it was no defense to the note.

Finding no error in the record, the judgment must be affirmed.

*Judgment affirmed.*